IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIUS LITTLEJOHN, | ) |
| | ) |
| Plaintiff, | ) Case No.:22-cv-7135 |
| | ) |
| v. | ) |
| | ) |
| The City of Chicago, Chicago Police Officers Carl Smith, Star No. 18090, Craig Adams, Star No. 12586, Ariel Williams, Star No. 6885, Demetrius Prothro, Star No. 8855, and Lauren Holt, Star No. 18899, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COME Defendants City of Chicago ("Defendant City"), and Chicago Police Officers Carl Smith, Star No. 18090, Craig Adams, Star No. 12586, Ariel Williams, Star No. 6885, Demetrius Prothro, Star No. 8855, and Lauren Holt, Star No. 18899 (collectively "Defendant Officers"), by and through one of their attorneys, Alexander Michelini, Assistant Corporation Counsel, and for their answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand, state as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER: Defendants admit jurisdiction is proper.**

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER: Defendants admit venue is proper; but deny any allegations of wrongdoing or other misconduct.**

1

## PARTIES

3. At all times mentioned herein, Plaintiff Julius Littlejohn ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff' citizenship but admit the events at issue in this litigation occurred within the jurisdiction of this Court.**

4. At all times mentioned herein, Defendants, Chicago Police Officers Carl Smith, Star No. 18090, Craig Adams, Star No. 12586, Ariel Williams, Star No. 6885, Demetrius Prothro, Star No. 8855, and Lauren Holt, Star No. 18899 (collectively "Defendant Officers"), were employed by the City of Chicago Police Department and acted under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Plaintiff is suing Defendant Officers in their individual capacities.

**ANSWER: Defendant Officers admit that at all times relevant hereto they were employed by the City of Chicago as Chicago Police Officers and acting under color of law and within the scope of their employment. Defendant Officers deny any wrongdoing or misconduct**

5. At all times mentioned herein, the City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City maintained, managed, and/or operated the Chicago Police Department.

**ANSWER: Defendant City admits to the allegations contained in this paragraph.**

## FACTUAL ALLEGATIONS

6. On or about November 1, 2022, at all times material, Plaintiff was unloading his baby daughter, who was in a car seat, out of his vehicle.

**ANSWER: Defendants Smith, Prothro and Adams admit they observed Plaintiff unloading child in a car seat from a vehicle on said date but lack knowledge as to the remainder. Defendants Williams and Holt lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

7. Defendant Officers pulled up in multiple police vehicles, hopped out of their vehicles, and rushed toward Plaintiff and his baby daughter.

2

**ANSWER: Defendant Officers admit they arrived on scene in multiple vehicles, exited said vehicles and walked towards Plaintiff and his baby daughter. Answering further, Defendant Officers deny the remaining allegations contained in this paragraph.**

        8.        Defendant Officers informed Plaintiff that they are detaining him.

**ANSWER: Defendants Smith, Prothro and Adams admit Plaintiff was informed by Defendant Prothro he was being detained. Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

        9.        There was no just cause to detain Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

        10.        Plaintiff placed his baby daughter down.

**ANSWER: Defendant Officers admit to the allegations contained in this paragraph.**

        11.        Defendant Officers handcuffed Plaintiff.

**ANSWER: Defendants Prothro and Smith admit to the allegations contained in this paragraph. Defendants Adams, Holt, and Williams deny they personally handcuffed Plaintiff, but admit that Plaintiff was handcuffed.**

        12.        There was no just cause to handcuff Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

        13.        Defendant Officers searched Plaintiff's person.

**ANSWER: Defendant Smith admits he reached into Plaintiff's pocket to retrieve his FOID card. Defendants Prothro, Adams, Holt, and Williams deny they personally searched Plaintiff's person. Answering further Defendant Prothro admits to conducting a protective pat down of Plaintiff.**

        14.        There was no just cause to search Plaintiff's person.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

        15.        Defendant Officers asked Plaintiff if there was anything they should know about inside the vehicle.

**ANSWER: Defendant Prothro admits he asked Plaintiff if there was anything he should know about inside the vehicle. Defendants Smith, Adams, Williams, and Holt deny the personally asked Plaintiff if there was anything they should know about inside the vehicle.**

16. Plaintiff responded that there was a lock box in the vehicle, but he had his FOID card on his person.

**ANSWER: Defendants Smith, Prothro and Adams admit Plaintiff stated he had "registered firearms" in the vehicle and that the firearms were located in a lock box. Answering further, Defendants Smith, Prothro and Adams admit that when Plaintiff was asked whether he had a FOID card he responded, "it's in my pocket right here." Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

17. Defendant Officers reached into Plaintiff's pocket and removed his wallet and FOID card.

**ANSWER: Defendant Smith admits that he reached into Plaintiff's pocket and retrieved a bundle of cards and separated Plaintiff's FOID card from the bundle. Defendants Prothro, Adams, Williams, and Holt personally deny the allegations contained in this paragraph.**

18. There was no just cause to reach into Plaintiff's pocket and remove his wallet and/or FOID card.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

19. Defendant Officers ran Plaintiff's FOID card and confirmed it was active and lawful.

**ANSWER: Defendant Adams admits he ran Plaintiff's FOID and confirmed it was valid. Upon information and belief, Defendants Smith and Prothro admit Defendant Adams ran Plaintiff's FOID and confirmed it was valid. Defendants Holt and Wiliams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

20. Defendant Officers searched the vehicle.

**ANSWER: Defendant Prothro and Holt admit they searched Plaintiff's vehicle. Defendants Smith, Adams, and Williams deny they personally searched Plaintiff's car.**

21. There was no just cause to search the vehicle.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

22. Defendant Officers removed the lockbox from the vehicle and attempted to open it but could not because it was locked.

**ANSWER: Defendant Prothro admits he removed a lockbox from the vehicle. Defendant Prothro further admits he observed that the box was locked and denies the remaining allegations contained in this paragraph. Defendants Smith and Adams personally deny the allegations contained in this paragraph but admit that Defendant Prothro removed a lockbox from the vehicle. Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

23. There was no just cause to remove the lockbox.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

24. Defendant Officers told Plaintiff to give them the key to the lockbox.

**ANSWER: Defendant Prothro admits he asked Plaintiff for the keys to the lockbox. Defendants Smith and Adams deny they personally asked Plaintiff to give them the key to the lockbox. Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

25. Plaintiff told them that the keys to the lockbox were inside his pocket.

**ANSWER: Defendants Prothro, Smith, and Adams admit that when asked where the keys for the lockbox were, Plaintiff responded "It's in my hand". Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

26. Defendant Officers removed the key from Plaintiff's pocket and opened the lockbox.

**ANSWER: Defendant Smith admits he removed the keys from Plaintiff's person but denies opening the lockbox. Defendant Prothro denies he removed the keys from Plaintiff's person but admits opening the lockbox. Defendant Adams personally denies the allegations contained in this paragraph but admits that Defendant Smith retrieved keys from Plaintiff's person and lacks knowledge to the remaining allegations contained in this paragraph. Defendants Holt and Williams lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

27. There was no just cause to remove the key to the lockbox from Plaintiff's person and/or to unlock the lockbox.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

28. Defendant Officers found two lawfully registered firearms inside the lockbox.

5

**ANSWER: Defendant Prothro admits he recovered two firearms from the lockbox. Defendants Smith and Adams personally deny recovering any firearms from the lock box but upon information and belief, admit two firearms were recovered by Defendant Prothro. Defendants Williams and Holt lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. All Defendants lack knowledge and information sufficient to form a belief that the two firearms were "lawfully registered."**

29. Defendant Officer uncuffed Plaintiff, returned his property to him, and left the scene.

**ANSWER: Defendant Prothro admits he uncuffed Plaintiff and returned his property to him. Defendants Smith, Adams, Holt, and Williams deny they personally uncuffed Plaintiff or returned his property. Answering further, Defendant Officers admit they left the scene.**

30. Plaintiff was not charged with violating any laws, indicative of his innocence.

**ANSWER: Defendants admit Plaintiff was not charged with any crimes in relation to this incident. Defendants deny the lack of criminal charges is indicative of Plaintiff's innocence.**

31. Defendant Officers had no legal cause to handcuff and/or detain Plaintiff, search him and/or his vehicle, and/or open and/or search the lockbox.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

32. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

33. The actions and/or omissions by Defendant Officers as mentioned above were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

34. By reason of Defendant Officers' actions and/or omissions mentioned above, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof,

Plaintiff requests payment by Defendant Officers of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988 and/or any other provision set by law.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT I
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH OF PLAINTIFF, HIS MOTOR VEHICLE, AND/OR THE LOCKBOX IN VIOLATION OF THE FOURTH AMENDMENT

35. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

36. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

37. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff's person, his motor vehicle, and lockbox violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by detaining him and searching him, his motor vehicle, and lockbox without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT II
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

38. Plaintiff hereby incorporates and realleges paragraphs one through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

39. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

40. The arbitrary detention of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by unlawfully handcuffing and detaining him without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

### COUNT III
### PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO UNDER *RESPONDENT SUPERIOR* FOR FALSE IMPRISONMENT/ARREST IN VIOLATION OF ILLINOIS STATE LAW

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

42. Defendant Officers intended to and did confine Plaintiff within fixed boundaries when they approached and surrounded and/or handcuffed him.

**ANSWER: Defendants Prothro, Smith, and Adams admit to the allegations contained in this paragraph. Defendants Holt and Williams deny the allegations contained in this paragraph.**

43. Plaintiff was conscious of the aforementioned confinement and/or harmed by it.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

44. Defendant Officers violated the law by falsely imprisoning/arresting Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

45. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendant Officers.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

46. The City of Chicago is liable pursuant to *respondent superior.*

**ANSWER: Defendants deny any wrongdoing or misconduct and therefore deny the allegations contained in this paragraph.**

47. Plaintiff's imprisonment/arrest was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## JURY DEMAND

Defendants hereby request a trial by jury.

## AFFIRMATIVE DEFENSES

1. The Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. The Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged, because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 752 ILCS 10/2-202.

5. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decisions and actions were based upon the information and circumstances known to Defendant Officers at the time and were discretionary decisions from which they are immune from liability. 745 ILCS 10/2-201.

6. Defendant Officers are not liable for Plaintiff's claims because a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

7. To the extent any injuries or damages claimed by Plaintiff were proximately caused by the contributory fault chargeable to the Plaintiff, any verdict shall be diminished in the proportion to the amount of fault attributable to the Plaintiff, unless the jury finds that the contributory fault on the part of the Plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought, in which case the Plaintiff shall be barred from recovering damages. 735 ILCS 5/2-1116.

8. As to any state law claim alleged by Plaintiff, Plaintiff is not entitled to attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See *Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

9. The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

10. The City cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport et al. v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

Dated: April 21, 2023

Respectfully Submitted,

*/s/ Alexander Michelini*
Assistant Corporation Counsel III

Michele McGee, Assistant Corporation Counsel Supervisor
Alexander Michelini, Assistant Corporation Counsel
Tyler Michals, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-7684
alexander.michelini2@CityofChicago.org

**CERTIFICATE OF SERVICE**

      I, Alexander Michelini, an attorney, certify that on April 21, 2023 I served a copy of this motion upon all counsel of record via email and by filing the same before the Court via the ECF system on April 21, 2022.

Peter T. Sadelski
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

                                                          */s/ Alexander Michelini*
                                                          Assistant Corporation Counsel III